UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **LAUREL RICHARDSON,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**LINCOLN NATIONAL LIFE INSURANCE COMPANY,**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 1:23-cv-00240-JMS-TAB** |

**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant The Lincoln National Life Insurance Company[1] ("Lincoln") files this Answer to Plaintiff's Amended Complaint (the "Complaint") filed by Plaintiff Laurel Richardson ("Plaintiff"), and states as follows:

1. Plaintiff LAUREL RCHARDSON (sic), hereinafter referred to as "Plaintiff," brings this ERISA action against the Lincoln National Life Insurance Company Group Welfare Benefits Plan (sic), in its capacity as Administrator of the Walmart Inc. Long Term Disability Plan, hereinafter referred to as "Defendant". Plaintiff brings this action to secure all disability benefits, whether they be described as short term, long term and/or waiver of premium claims to which Plaintiff is entitled under a disability insurance policy underwritten and administered by Defendant. Plaintiff is covered under the policy by virtue of her employment with Walmart Inc.

**ANSWER: Lincoln admits Plaintiff's claims are governed by Section 502 of ERISA (29 U.S.C. § 1132(a)(1)(B)). Lincoln admits it issued Group Disability Income Policy numbered GD/GF3-850-290765-01 (the "Policy") to Walmart, Inc. ("Walmart") which**

[1] Incorrectly named in the Amended Complaint as "Lincoln National Life Insurance Company."

**Policy, at certain times, insured benefits paid by the Walmart, Inc. Long Term Disability Plan ("the LTD Plan") sponsored by Walmart, to provide certain benefits to participating, eligible employees of Walmart. Lincoln admits Plaintiff was, at certain times, employed by Walmart and was, at certain times, a participant in the LTD Plan. Lincoln denies it was the plan administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 1 of the Complaint.**

## PARTIES

2. Plaintiff is a citizen and resident of Fort Wayne, Indiana.

**ANSWER: Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation.**

3. Defendant is a properly organized business entity doing business in the State of Indiana.

**ANSWER: Lincoln admits the allegations contained in Paragraph 3 of the Complaint.**

4. The disability plan at issue in the case at bar was funded and administered by Defendant.

**ANSWER: Lincoln admits it issued the Policy to Walmart which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln denies it was the plan administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 4 of the Complaint.**

5. Defendant is a business entity doing business in the Southern District of Indiana. Defendant may be served with process by serving its registered agent, Corporate Service Company, 135 North Pennsylvania Street, Suite 1610, Indianapolis, IN 46204.

**ANSWER: Lincoln admits the allegations contained in Paragraph 5 of the Complaint.**

**JURISDICTION AND VENUE**

6. This court has jurisdiction to hear this claim pursuant to pursuant to 29 U.S.C. § 1132(a), (e), (f), and (g) of the Employee Retirement Security Act of 1974, 29 U.S.C. § 1101, et seq. ("ERISA") and 28 U.S.C. § 1331, as this action involves a federal question. Specifically, Plaintiff brings this action to enforce her rights under section 502(a)(1)(B) of the Employee Retirement Income Security Act, (ERISA), which provides "[a] civil action may be brought . . . (1) by a participant or by a beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

**ANSWER: Lincoln admits that Plaintiff's claims are governed by Section 502 of ERISA (29 U.S.C. § 1132(a)(1)(B)) under the jurisdiction of this Court pursuant to 28 U.S.C. § 1331. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.**

7. Venue in the Southern District of Indiana is proper by virtue of Defendant doing business in the Southern District of Indiana. Under the ERISA statute, venue is proper "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Therefore, venue may also be proper under the third prong of ERISA's venue provision, specifically "where a defendant resides or may be found." (Id.) Here, Defendant is "found" within the Northern (sic) District of Indiana, as it does business here, and the court has personal jurisdiction over Defendant, as it has sufficient ties to the United States.

**ANSWER: Lincoln admits that venue of this action is proper in this Court. To the extent that Paragraph 7 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.**

## CONTRACTUAL AND FIDUCIARY RELATIONSHIP

8. At all relevant times, Plaintiff has been a participant within the meaning of Section 3(7) of ERISA, 29 U.S.C. § 1002(7), in the Long-Term Disability Plan Policy No. GF3-850-290765-02.

**ANSWER: Lincoln admits Plaintiff was, at certain times, a participant in the LTD Plan. Lincoln admits it issued the Policy to Walmart, which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.**

9. Plaintiff obtained the disability policy at issue by virtue of Plaintiff's employment with Walmart Inc., with coverage beginning on January 1, 2013.

**ANSWER: Lincoln admits Plaintiff was, at certain times, employed by Walmart and a participant in the LTD Plan. Lincoln admits it issued the Policy to Walmart, which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.**

10. Said policy became effective January 1, 2013.

**ANSWER: Lincoln admits it issued the Policy to Walmart with an effective date of January 1, 2016, which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.**

11. At all relevant times, Defendant has been the claims administrator of the disability policy within the meaning of Section 3(16)(A) of ERISA, 29 U.S.C. § 1002(16)(A).

**ANSWER: Lincoln admits it issued the Policy to Walmart, which Policy, at certain times, insured benefits paid by the LTD Plan under the terms of the Policy. Lincoln admits that it was, at certain times, the claim administrator for Plaintiff's claim for benefits from the LTD Plan under the Policy that is the subject of the above-styled action and that**

**Plaintiff's claims in the Complaint are governed by ERISA. Lincoln denies it was the plan administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 11 of the Complaint.**

12. At all relevant times, Defendant has been a fiduciary within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

**ANSWER: To the extent that Paragraph 12 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.**

13. Defendant has a fiduciary obligation to administer the Plan fairly and to furnish disability benefits according to the terms of the Plan.

**ANSWER: To the extent that Paragraph 13 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.**

14. Finally, under its fiduciary duty, Defendant is required to take active steps to reduce bias ensure and ensure claims are conducted in a manner that is consistent with the interests of the claimant's.

**ANSWER: To the extent that Paragraph 14 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.**

15. Disability benefits under the Plan have been insured in accordance and pursuant to Policy No. GF3-850-290765-02 issued by Defendant.

**ANSWER: Lincoln admits it issued the Policy to Walmart, which Policy, at certain times, insured benefits paid by the LTD Plan under the terms of the Policy. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.**

16. Under the terms of the policy, Defendant administered the Plan and retained the sole authority to grant or deny benefits to applicants.

**ANSWER: Lincoln admits it issued the Policy to Walmart, which Policy, at certain times, insured benefits paid by the LTD Plan under the terms of the Policy. Lincoln admits that it was, at certain times, the claim administrator for Plaintiff's claim for benefits from the LTD Plan under the Policy that is the subject of the above-styled action. Lincoln denies it was the plan administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 16 of the Complaint.**

17. Because the Defendant both funds the Plan benefits and retains the sole authority to grant or deny benefits, Defendant has an inherent conflict of interest.

**ANSWER: Lincoln admits it issued the Policy to Walmart, which Policy, at certain times, insured benefits paid by the LTD Plan under the terms of the Policy. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.**

18. Because of the conflict of interest described above, this Court should consider Defendant's decision to deny disability benefits as an important factor during its review in determining Defendant's wrongful denial of benefits.

**ANSWER: Lincoln admits that its decision on Plaintiff's claim for benefits from the LTD Plan under the Policy is the subject of the Complaint. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.**

19. In order for the Plan Administrator's decisions to be reviewed by this Court under an "arbitrary and capricious" standard, the Plan must properly give the Plan Administrator "discretion" to make said decisions within the plain language in the Plan.

**ANSWER: To the extent that Paragraph 19 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.**

20. Except as stated in paragraph 21 below, benefit denials governed under ERISA are generally reviewed by the courts under a *de novo* standard of review. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989).

**ANSWER: To the extent that Paragraph 20 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.**

21. In order for the Plan Administrator's decisions to be reviewed by this Court under an "arbitrary and capricious" standard and not a "de novo" standard, the Plan must properly give the Plan Administrator "discretion" to make said decisions within the plain language in the Plan.

**ANSWER: To the extent that Paragraph 21 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.**

22. Plaintiff contends that the Plan fails to properly give Defendant discretion under the Policy.

**ANSWER: To the extent that Paragraph 22 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 22 of the Complaint.**

23. Further, when a Defendant violates the Department of Labor regulations, Defendant effectively forfeits its discretionary authority.

**ANSWER: To the extent that Paragraph 23 contains legal conclusions, Lincoln is not required to answer Lincoln denies all remaining allegations contained in Paragraph 23 of the Complaint.**

24. When denying a claim for benefits, a plan's failure to comply with the Department of Labor's claims-procedure regulation, 29 C.F.R. § 2560.503–1, will result in that claim being reviewed de novo in federal court, unless the plan has otherwise established procedures in full conformity with the regulation and can show that its failure to comply with the claims-procedure regulation in the processing of a particular claim was inadvertent *and* harmless. *Halo v. Yale Health Plan, Dir. Of Benefits & Records Yale Univ*., 819 F. 3d 42 (2nd Cir. 2016). See also *Fessenden v. Reliance Standard Life Ins. Co*., 927 F.3d 998, 1001-02 (7th Cir. 2019) and *Slane v. Reliance Stand. Life Ins. Co*., CV 20-3250, 2021 WL 1401761 (E.D. La. Apr. 14, 2021).

**ANSWER: To the extent that Paragraph 24 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.**

25. Defendant committed the following violations demonstrating its failure furnish a full and provide review:

i. Inadequate notice of reasons for denial. 29 C.F.R. § 2560.503-1(g)(1)(i);
ii. Inadequate notice of the information needed to perfect Plaintiff's appeal. 29 C.F.R. § 2560.503-1(g)(1)(iii);
iii. Failure to follow Defendant's own claims procedures 29 C.F.R. § 2560.503-1(b);
iv. Failure to adopt guidelines to ensure that similarly situated claims are administered correctly and consistently. 29 C.F.R. § 2560.503-1(b)(5);
v. Failure to administrative Plaintiff's claim consistently 29 C.F.R. § 2560.503-1(b)(5);

vi. Failure to provide requested relevant documents timely. 29 C.F.R. § 2560.503-1(h)(2)(iii);

vii. Failure to describe the guidelines and protocols relied upon. 29 C.F.R. § 2560.503-1(g)(1)(v) and 29 C.F.R. § 2560.503-1(j)(5);

viii. Failure to obtain the review of appropriate medical professional. 29 C.F.R. § 2560.503-1(h)(3)(iii);

ix. Failure to obtain an appeal review of a different non-subordinate medical professional. 29 C.F.R. § 2560.503-1(h)(3)(v);

x. Failure to obtain an appeal review that does not defer to the prior determination. 29 C.F.R. § 2560.503-1(h)(3)(iii);

xi. Failure to obtain an appeal review that is conducted by a different non-subordinate individual. 29 C.F.R. § 2560.503-1(h)(3)(iii);

xii. Failure to give a claimant an opportunity to review and refute the report of a reviewing physician obtained during the appeal review. 29 C.F.R. § 2560.503-1(h)(4);

xiii. Failure to take into account all comments, documents, records, and other information submitted to the claimant or by the claimant relating to the claim. 29 C.F.R. § 2560.503-1(h)(2)(iv).

**ANSWER: Lincoln denies the allegations contained in Paragraph 25 of the Complaint.**

26. Defendant's violations of the regulations were not inadvertent or harmless.

**ANSWER: Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 26 of the Complaint.**

27. Plaintiff contends that because Defendant failed to furnish a full and fair review, Defendant has relinquished its discretionary authority under the Plan.

**ANSWER: To the extent that Paragraph 27 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 27 of the Complaint.**

28. Further, Defendant has a fiduciary obligation to administer the Plan fairly and to furnish disability benefits according to the terms of the Plan.

**ANSWER: To the extent that Paragraph 28 contains legal conclusions, Lincoln is not required to answer. To the extent Plaintiff attempts to interpret the Policy, Lincoln refers**

**to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 28 of the Complaint.**

## ADMINISTRATIVE APPEAL

29. Plaintiff is a 43-year-old woman previously employed by Walmart Inc. as a "Co-Manager."

**ANSWER: Lincoln admits Plaintiff was, at certain times, employed by Walmart as a Food Co Manager. Lincoln admits that documents containing information concerning Plaintiff's date of birth are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 29 of the Complaint.**

30. Co-Manager is classified under the Dictionary of Occupational Titles as having a Light exertional level. This occupation also has an SVP of 7 and is skilled work.

**ANSWER: To the extent that Plaintiff is relying on documents that are not contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, Lincoln states that the Court's review in this action is limited to the administrative record and refers to the administrative record itself as the best evidence of its contents. Additionally, to the extent Plaintiff attempts to interpret the Dictionary of Occupational Titles, Lincoln refers to that document itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 30 of the Complaint.**

31. This occupation was very demanding in that it required Plaintiff to assist with directing management team in facility operations and communicating with both management and hourly Associates about Facility operations, merchandising and Company direction, assists in

driving sales in the facility, ensure compliance with Company policies and procedures, initiate, direct and participate in community outreach programs.

**ANSWER: Lincoln admits that certain documents concerning Plaintiff's job description and occupation performed at Walmart are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 31 of the Complaint.**

32. Due to Plaintiff's disabling conditions, Plaintiff ceased actively working on September 9, 2019.

**ANSWER: Lincoln admits Plaintiff's last day at work at Walmart was September 9, 2019. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 32 of the Complaint.**

33. Plaintiff alleges that she became disabled on September 10, 2019.

**ANSWER: Lincoln admits Plaintiff's last day at work at Walmart was September 9, 2019. Lincoln admits that by this action, Plaintiff is seeking recovery of disability benefits from the LTD Plan, and Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan, and**

**Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 33 of the Complaint.**

34. Plaintiff filed for short term disability benefits with Defendant.

**ANSWER: Lincoln admits Plaintiff submitted a claim for, and at certain times received, short-term disability benefits from the short-term disability benefit plan ("STD Plan") sponsored by Walmart. Lincoln denies all remaining allegations contained in Paragraph 34 of the Complaint.**

35. Short term disability benefits were approved and paid.

**ANSWER: Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the STD Plan sponsored by Walmart. Lincoln denies all remaining allegations contained in Paragraph 35 of the Complaint.**

36. Plaintiff filed for long term disability benefits through the Plan administered by the Defendant.

**ANSWER: Lincoln admits Plaintiff submitted a claim for benefits from the LTD Plan. Lincoln admits it issued the Policy to Walmart, which Policy, at certain times, insured benefits paid by the LTD Plan under the terms of the Policy. Lincoln denies it was the plan administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 36 of the Complaint.**

37. *"Disability" or "Disabled", with respect to Long Term Disability, means:*

> *1. For persons other than truck drivers, pilots, co-pilots, and crewmembers of an aircraft:*
>
> *i. that during the Elimination Period and the next 24months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and*
>
> *ii. thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation...*

***Pre-Existing Condition Exclusion***

*This policy will not cover any Disability or Partial Disability:*
*1. which is caused or contributed to by, or results from, a Pre-Existing Condition; and*
*2. which begins in the first 12 months immediately after the Covered Person's effective date of coverage.*

*"**Pre-Existing Condition**" means a condition resulting from an Injury or Sickness for which the Covered Person is diagnosed or received Treatment within three months prior to the Covered Person's effective date of coverage.*

*"**Treatment**" means consulting, receiving care or services provided by or under the direction of a Physician including diagnostic measures, being prescribed drugs and/or medicines, whether the 6 of 9 Covered Person chooses to take them or not, and taking drugs and/or medicines.*

**ANSWER: Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan, and Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 37 of the Complaint.**

38. The Plan defines "Own Occupation" as follows:

*"Own Occupation" with respect to Long Term Disability means the overed Person's occupation that he was performing when his Disability or Partial Disability began. For the purposes of determining Disability under this policy, Liberty will consider the Covered Person's occupation as it is performed at Wal-Mart Stores, Inc.*

**ANSWER: Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" and "Own Occupation" as applicable to a participant's claim for benefits from the LTD Plan, and Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 38 of the Complaint.**

39. The Plan defines "Any Occupation" as follows:

*"Any Occupation" means any occupation that the Covered Person is or becomes reasonably fitted by training, education, experience, age, physical and mental capacity.*

**ANSWER: Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" and "Any Occupation" as applicable to a participant's claim for benefits from the LTD Plan, and Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 39 of the Complaint.**

40. Long Term Disability benefits were approved from March 11, 2020 to March 10, 2022.

**ANSWER: Lincoln admits Plaintiff submitted a claim for, and at certain times received, disability benefits from the LTD Plan sponsored by Walmart. Lincoln denies all remaining allegations contained in Paragraph 40 of the Complaint.**

41. The Plan provides for monthly benefits of $2,665.46.

**ANSWER: To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln admits that certain documents concerning Plaintiff's earnings are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that the Policy includes language pertaining to the calculation of benefits as applicable to a participant's claim for benefits from the LTD Plan, and Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 41 of the Complaint.**

42. On November 18, 2021, Defendant terminated Plaintiff's long term disability benefits.

**ANSWER: Lincoln admits it sent a letter to Plaintiff's counsel dated November 18, 2021, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 42 of the Complaint.**

43. Defendant's termination letter said, "proof of her continued disability in accordance with Policy provisions after March 10, 2022, has not been provided." under the Any Occupation definition and allowed Plaintiff 180 days to appeal this decision.

**ANSWER: Lincoln admits it sent a letter to Plaintiff's counsel dated November 18, 2021, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 43 of the Complaint.**

44. Defendant's termination letter failed to consider Plaintiff's restrictions, limitations, and inability to perform necessary vocational requirements of her own or any occupation related to her medical conditions.

**ANSWER: Lincoln admits it sent a letter to Plaintiff's counsel dated November 18, 2021, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 44 of the Complaint.**

45. Defendant's termination letter failed to state what specific information was missing and/or necessary for Plaintiff to perfect her appeal. On this front, Defendant's letter states only that, "If there is additional information, documents, or records that you believe would impact this benefit decision please submit it to us for consideration."

**ANSWER: Lincoln admits it sent a letter to Plaintiff's counsel dated November 18, 2021, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 45 of the Complaint.**

46. On May 17, 2022, Plaintiff pursued her administrative remedies set forth in the Plan by requesting administrative review of the denial of benefits.

**ANSWER: Lincoln admits it received a letter from Plaintiff's counsel dated May 17, 2022, appealing the denial of Plaintiff's claim for benefits from the LTD Plan, along with additional documentation, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 46 of the Complaint.**

47. Plaintiff timely perfected her administrative appeal pursuant to the Plan by sending letter requesting same to the Defendant.

**ANSWER: Lincoln admits it received a letter from Plaintiff's counsel dated May 17, 2022, appealing the denial of Plaintiff's claim for benefits from the LTD Plan, along with additional documentation, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 47 of the Complaint.**

48. Plaintiff submitted additional information including medical records to show that she is totally disabled from the performance of both her own and any other occupation as defined by the terms of the Plan.

**ANSWER: Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits it received an appeal of the denial of Plaintiff's claim for further benefits from the LTD Plan, along with additional documentation, which is contained in the administrative record, and Lincoln**

**refers to the letter and documents themselves as the best evidence of their contents. Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan, and Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 48 of the Complaint.**

49. On or about April 27, 2020, Defendant's paid consultant, Priya Swamy, M.D. (Dr. Swamy), physical medicine and rehabilitation, performed a peer review of Plaintiff's claim file.

**ANSWER: Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 49 of the Complaint.**

50. On or about April 29, 2020, Dr. Swamy performed another peer review of Plaintiff's claim file.

**ANSWER: Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 50 of the Complaint.**

51. On or about November 17, 2020, Defendant's paid consultant, William Michael Barreto, M.D. (Dr. Barreto), physical medicine and rehabilitation and pain medicine, performed a peer review of Plaintiff's claim file.

**ANSWER: Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 51 of the Complaint.**

52. On or about December 2, 2020, Dr. Barreto performed another peer review of Plaintiff's claim file.

**ANSWER: Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 52 of the Complaint.**

53. On or about August 19, 2021, Dr. Barretto performed yet another peer review of Plaintiff's claim file.

**ANSWER: Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 53 of the Complaint.**

54. On or about October 26, 2021, Defendant's internal consultant, Rebecca Bach, M.Ed., CRC (Ms. Bach), vocational rehabilitation counselor, performed a paper review of Plaintiff's claim file.

**ANSWER: Lincoln admits that occupational analysis/vocational reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 54 of the Complaint.**

55. On or about November 17, 2021, Ms. Bach performed another paper review of Plaintiff's claim file.

**ANSWER: Lincoln admits that occupational analysis/vocational reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 55 of the Complaint.**

56. On or about June 7, 2022, Defendant's paid consultant, Sarah Sicher, M.D., psychiatry, performed a peer review of Plaintiff's claim file.

**ANSWER: Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 56 of the Complaint.**

57. On or about June 8, 2022, Defendant's paid consultant, Hunter Vincent, DO, physical medicine and rehabilitation and pain medicine, performed a peer review of Plaintiff's claim file.

**ANSWER: Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 57 of the Complaint.**

58. On or about June 16, 2022, Defendant's internal consultant, Lori Ashcroft, M.Ed., CRC, vocational rehabilitation counselor, performed a paper review of Plaintiff's claim file.

**ANSWER: Lincoln admits that occupational analysis/vocational reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 58 of the Complaint.**

59. Defendant's peer reviews of Plaintiff's file are unreliable and unreasonable as a basis for denial because:

a. The reviewers' opinion was infected by conflict and bias;

b. The reviewers' conclusions lack foundation and are conclusory;

c. The reviewers failed to consider the degenerative nature of Plaintiff's condition(s) and the lack of significant improvement;

d. The reviewers lacked appropriate qualifications to comment on Plaintiff's conditions;

e. The reviewers never examined Plaintiff in-person, which is particularly relevant, given the complexity of Plaintiff's conditions and treatment;

f. The reviewers failed to consider all relevant information, including Plaintiff's relevant own occupational demands;

g. The reviewers failed to acknowledge that medications neither effectively resolved her pain nor were appropriate for long-term treatment of Plaintiff;

h. The reviewers based their opinions on a summary reports of other underqualified opinions; and

i. The reviewers' conclusions were inconsistent with the weight of the evidence.

**ANSWER: Lincoln admits that physician peer reviews, medical reviews, and occupational analysis/vocational reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 59 of the Complaint.**

60. Defendant's consultants completed their reports without examining Plaintiff.

**ANSWER: Lincoln admits that physician peer reviews, medical reviews, and occupational analysis/vocational reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 60 of the Complaint.**

61. Defendant notified Plaintiff that Defendant upheld its original decision to terminate Plaintiff's claim for long term disability benefits.

**ANSWER: Lincoln admits it sent a letter to Plaintiff's counsel dated August 25, 2022, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 61 of the Complaint.**

62. Defendant also notified Plaintiff that Plaintiff had exhausted her administrative remedies.

**ANSWER: Lincoln admits it sent a letter to Plaintiff's counsel dated August 25, 2022, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 62 of the Complaint.**

63. Defendant, in its final denial, discounted the opinions of Plaintiff's treating physicians, among others, and the documented limitations from which Plaintiff suffers including the effects of Plaintiff's impairments on her ability to engage in work activities.

**ANSWER: Lincoln admits it sent a letter to Plaintiff's counsel dated August 25, 2022, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 63 of the Complaint.**

64. The Plan gave Defendant the right to have Plaintiff submit to a physical examination at the appeal level.

**ANSWER: To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 64 of the Complaint.**

65. A physical examination, with a full file review, provides an evaluator with more information than a medical file review alone.

**ANSWER: Lincoln admits only that its decisions on Plaintiff's claim for benefits from the LTD Plan under the Policy were based on the administrative record regarding**

**Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Lincoln denies all remaining allegations contained in Paragraph 65 of the Complaint.**

66. More information promotes accurate claims assessment.

**ANSWER: Lincoln admits only that its decisions on Plaintiff's claim for benefits from the LTD Plan under the Policy were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Lincoln denies all remaining allegations contained in Paragraph 66 of the Complaint.**

67. Despite having the right to a physical examination, Defendant did not ask Plaintiff to submit to one.

**ANSWER: Lincoln admits only that its decisions on Plaintiff's claim for benefits from the LTD Plan under the Policy were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Lincoln denies all remaining allegations contained in Paragraph 67 of the Complaint.**

68. Plaintiff has now exhausted her administrative remedies, and her claim is ripe for judicial review pursuant to 29 U.S.C. § 1132.

**ANSWER: Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding**

**any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contains in Paragraph 68 of the Complaint.**

## MEDICAL FACTS

69. Plaintiff suffers from multiple medical conditions resulting in both exertional and nonexertional impairments.

**ANSWER: Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 69 of the Complaint.**

70. Plaintiff suffers from diabetes; failed back surgery syndrome; dorsalgia; lumbar radiculopathy; sacroiliitis; bilateral low back pain with left-sided sciatica; S1 joint dysfunction; epidural fibrosis; bilateral foraminal stenosis; bilateral staminal stenosis; lumbar stenosis; and lumbar osteophytes.

**ANSWER: Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 70 of the Complaint.**

71. Treating physicians document continued chronic pain, radicular symptoms, as well as decreased range of motion and weakness.

**ANSWER: Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 71 of the Complaint.**

72. Plaintiff's treating physicians have opined that Plaintiff is unable to work.

**ANSWER: Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 72 of the Complaint.**

73. Plaintiff's treating physicians disagree with Defendant's hired peer reviewers.

**ANSWER: Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that physician peer reviews, medical reviews, and occupational analysis/vocational reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 73 of the Complaint.**

74. Plaintiff's multiple disorders have resulted in restrictions in activity, have severely limited Plaintiff's range of motion, and have significantly curtailed her ability to engage in any form of exertional activity.

**ANSWER: Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 74 of the Complaint.**

75. Physicians have prescribed Plaintiff with multiple medications, including narcotic pain relievers, in an effort to address her multiple symptoms.

**ANSWER: Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 75 of the Complaint.**

76. However, Plaintiff continues to suffer from breakthrough pain, discomfort, and limitations in functioning, as documented throughout the administrative record.

**ANSWER: Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 76 of the Complaint.**

77. Plaintiff's documented pain is so severe that it impairs her ability to maintain the pace, persistence and concentration required to maintain competitive employment on a full-time basis, for an 8-hour day, day after day, week after week, month after month.

**ANSWER: Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 77 of the Complaint.**

78. Plaintiff's medications cause additional side effects in the form of sedation and cognitive difficulties.

**ANSWER: Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 78 of the Complaint.**

79. The aforementioned impairments and their symptoms preclude Plaintiff's performance of any work activities on a consistent basis.

**ANSWER: Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 79 of the Complaint.**

80. As such, Plaintiff has been and remains disabled per the terms of the Plan and has sought disability benefits pursuant to said Plan.

**ANSWER: Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan, and Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 80 of the Complaint.**

81. However, after exhausting her administrative remedies, Defendant persists in denying Plaintiff her rightfully owed disability benefits.

**ANSWER: Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contains in Paragraph 81 of the Complaint.**

82. At all relevant times, Defendant has been operating under an inherent and structural conflict of interest as Defendant is liable for benefit payments due to Plaintiff and each payment depletes Defendant's assets.

**ANSWER: Lincoln admits it issued the Policy to Walmart, which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 82 of the Complaint.**

83. Defendant's determination was influenced by its conflict of interest.

**ANSWER: Lincoln denies all allegations contained in Paragraph 83 of the Complaint.**

84. Defendant's reviewing experts are not impartial.

**ANSWER: Lincoln denies all allegations contained in Paragraph 84 of the Complaint.**

85. Upon information and belief, Defendant's peer reviewers have conducted reviews in connection with numerous other individuals insured by Defendant.

**ANSWER: Lincoln admits that physician peer reviews and medical reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 85 of the Complaint.**

86. Defendant knows, or has reason to know, that its in-house medical consultants and the medical consultants hired and/or retained to complete file reviews serve only insurance companies and never individual claimants.

**ANSWER: Lincoln admits that physician peer reviews and medical reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 86 of the Complaint.**

87. Upon information and belief, Defendant pays substantial sums of money to its medical consultants, whether in-house or independent contractors, to conduct reviews for claimants under Defendant's Plan(s).

**ANSWER: Lincoln admits that physician peer reviews and medical reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 87 of the Complaint.**

88. Upon information and belief, Defendant's reviewing experts receive financial incentive to proffer opinions aiding in Defendant's denial of claims.

**ANSWER: Lincoln denies all allegations contained in Paragraph 88 of the Complaint.**

89. Defendant has failed to take active steps to reduce potential bias and to promote accuracy of its benefits determinations.

**ANSWER: Lincoln denies all allegations contained in Paragraph 89 of the Complaint.**

**<u>COUNT I:</u>**

90. Plaintiff incorporates those allegations contained in paragraphs 1 through 89 as though set forth at length herein.

**ANSWER: Lincoln incorporates its responses to Paragraphs 1-89 by reference as if fully set forth herein.**

91. Defendant has wrongfully denied disability benefits to Plaintiff in violation of Plan provisions and ERISA for the following reasons:

a. Plaintiff is totally disabled, in that she cannot perform the material duties of her own occupation, and she cannot perform the material duties of any other

occupation which her medical condition, education, training, or experience would reasonably allow;

b. Defendant failed to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled;

c. Defendant's interpretation of the definition of disability contained in the policy is contrary to the plain language of the policy, as it is unreasonable, arbitrary, and capricious; and

d. Defendant has violated its contractual obligation to furnish disability benefits to Plaintiff.

**ANSWER: Lincoln denies all allegations contained in Paragraphs 91 and 91 a-d of the Complaint.**

**COUNT II:**

92. Plaintiff repeats and realleges the allegations of paragraphs 1 through 91 above.

**ANSWER: Lincoln incorporates its responses to Paragraphs 1-91 by reference as if fully set forth herein.**

93. By reason of the Defendant's failure to pay Plaintiff benefits as due under the terms of the Plan, Plaintiff has been forced to retain attorneys to recover such benefits, for which Plaintiff has and will continue to incur attorney's fees. Plaintiff is entitled to recover reasonable attorney's fees and costs of this action, pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. §1132(g)(1).

**ANSWER: Lincoln denies all allegations contained in Paragraph 93 of the Complaint.**

WHEREFORE, **<u>Plaintiff demands judgment for the following:</u>**

A. Grant Plaintiff declaratory relief, finding that she is entitled to all past due long term disability benefits yet unpaid;

B. Order Defendant to pay past due long term disability benefits retroactive to March 10, 2022 through the present in the monthly amount specified in the Plan and subject to such offsets as are permitted in the Plan, plus pre-judgment interest;

C. Order Defendant to remand claim for future administrative review and continue to make future long term disability benefits in the monthly amount specified in the Plan and subject to such offsets as are permitted in the Plan until such time as Defendant makes an adverse determination of long-term disability consistent with ERISA and Plaintiff's entitlements under the Plan;

D. Order Defendant to pay for the costs of this action and Plaintiff's attorney's fees, pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g); and

E. For such other relief as may be deemed just and proper by the Court.

**ANSWER: Lincoln denies all allegations contained in the WHEREFORE Paragraph of the Complaint and Paragraphs A-E thereunder and denies Plaintiff is entitled to the relief sought in the Prayer of the Complaint.**

**Lincoln denies all allegations contained in the Complaint not specifically admitted herein.**

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to terminate Plaintiff's benefits from the LTD Plan under the Policy was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy and the documents governing the LTD Plan, which requires offset and/or repayment of any award of other earnings or benefits, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Lincoln reserves the right to assert additional defenses.

## PRAYER

Lincoln requests that the Court enter judgment that Plaintiff recovers nothing by this action; that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated this 30th day of March 2023.

Respectfully submitted,

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

/s/ Iwana Rademaekers
Iwana Rademaekers (Texas State Bar No. 16452560)

*Pro Hac Vice* Motion Pending
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
iwana@rademaekerslaw.com

ATTORNEY FOR DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY

**CERTIFICATE OF SERVICE**

I certify that on the 30th day of March 2023, the foregoing **ANSWER** was filed electronically and that service of same on all counsel of record will be made by the Court's CM/ECF system as follows:

Melissa A. Davidson
CHARLES D. HANKEY LAW OFFICE, PC
mdavidson@hankeylaw.com

and

J. Anthony Vessel
MARC WHITEHEAD & ASSOCIATES,
ATTORNEYS AT LAW L.L.P.
Email: anthony@marcwhitehead.com

s/ Iwana Rademaekers